**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICHARD R. GARCIA,

      Plaintiff-Appellant,

v.

DON HOOVER, of the Corrections
Department,

      Defendant,

  and

ATTORNEY GENERAL STATE OF
NEW MEXICO,

      Defendant-Appellee.

No. 97-2375
(D.C. No. CIV-96-449-MV)
(D. N.M.)

ORDER AND JUDGMENT [*]

Before **ANDERSON, BARRETT,** and **TACHA** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Richard R. Garcia appeals from the district court's order dismissing with prejudice his civil rights complaint.  The district court construed his complaint, filed as a habeas petition, as a 42 U.S.C. § 1983 complaint for violation of his civil rights.  It adopted the recommendation of the magistrate judge assigned to the case and dismissed the complaint with prejudice.  We affirm the order of dismissal.

Appellant is a New Mexico prisoner currently housed in the California prison system under the provisions of the Interstate Corrections Compact.  He brought this complaint alleging denial of access to the courts.  He asserted that he needed physical access to New Mexico legal materials to pursue various proceedings in the New Mexico state and federal courts.

The district court initially found that appellant had failed to exhaust his administrative remedies.  It suspended proceedings to allow appellant to pursue a grievance through the prison grievance system, which he did.  As the result of his grievance, the prison authorities reiterated their policy of allowing appellant to obtain photocopies of identifiable New Mexico legal materials upon request from

the head librarian at the New Mexico Penitentiary. They further granted his request for paralegal assistance with general research and with drafting of pleadings. Appellant was instructed that he could receive paralegal assistance with New Mexico law issues by requesting such assistance through the head librarian. The authorities denied appellant's request for retransfer to a New Mexico prison, however.

Appellant argued thereafter that the relief he had obtained through the grievance process was insufficient to vindicate his constitutional right of access to the New Mexico courts. The magistrate judge rejected this argument and recommended that appellant's complaint be dismissed. He found that New Mexico had provided appellant with sufficient access to New Mexico legal resources. He further found that appellant had failed to allege a relevant, actual injury from the alleged denial of access to the courts.

On appeal, appellant continues to argue that he requires physical access to a library containing New Mexico materials. He claims that the New Mexico Penitentiary will only send him photocopies of cases and other materials if he provides an exact citation to the material he wants copied. Without physical access to a law library, he says, it is not possible for him to develop the exact citations which the prison librarian requires.

Prisoners maintain a fundamental constitutional right of meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 821-22 (1977). This right is not diminished when a prisoner is transferred out of state. The sending state bears the burden of providing the required state legal materials. See Clayton v. Tansy, 26 F.3d 980, 982 (10th Cir. 1993).

In order for appellant to prove a violation of the constitutional right of access to the courts, he must show: (1) the failure of prison officials to assist him "in the preparation and filing of meaningful legal papers by providing [him] with [an] adequate law librar[y] or adequate assistance from persons trained in the law;" and (2) some quantum of prejudice or detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of his pending or contemplated litigation. See Lewis v. Casey, 518 U.S. 343, 346, 351 (1996). As we agree with the district court that appellant has failed to establish the first of these two elements, we need not consider whether he has made an adequate showing of prejudice.

Providing prisoners with direct, physical access to a law library is merely one constitutionally-acceptable method of assuring their right of meaningful access to the courts. See id., 518 U.S. at 351. Prison authorities may also fulfill this responsibility by providing inmates with "adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. Legal assistance is constitutionally

sufficient when provided by nonattorneys trained in the law such as inmate law clerks, paralegals, or law students. See Carper v. DeLand, 54 F.3d 613, 616 (10th Cir. 1995).

As the result of appellant's administrative grievance, he has been granted the opportunity to receive assistance from a paralegal with research and the preparation of pleadings. He fails to show that this assistance has been withheld or is insufficient in any way. [1] Given the availability of this assistance, he has failed to show that he is being denied his constitutional right of access to the courts.

Appellant also argues that he was denied a fair hearing on his claim in the district court because the State of New Mexico mistakenly provided the court with documents and records pertaining to a different Richard Garcia. Appellant fails to explain how this mistake could have had any effect on the court's ultimate decision pertaining to the legal issues in this case. Our review of the record and the law convinces us that even disregarding these materials, the district court acted properly in dismissing appellant's complaint.

---

[1] Appellant complains that the prison librarian did not answer a letter which he wrote to her on June 13, 1997. In that letter, he asked her how he was "suppose go [sic] about Inquiring for some Law Cases. When I don't have access to Law Books to Give You specific citations." R. doc. 31, ex. B. Appellant had already received an answer to that question: he was to request paralegal assistance with his legal research.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


James E. Barrett
Senior Circuit Judge