**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICKY R. GARCIA,

        Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 02-2104

---

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CIV-97-1449-BB/KBM)

---

**Submitted on the briefs:**

William A. L'Esperance, Albuquerque, New Mexico, for Petitioner-Appellant.

Patricia A. Madrid, Attorney General; M. Victoria Wilson, Assistant Attorney General, Albuquerque, New Mexico, for Respondents-Appellees.

---

Before **MURPHY**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I.  Introduction

Petitioner-appellant, Ricky R. Garcia, is a New Mexico prisoner currently incarcerated in the state of California. Garcia filed a state habeas petition on April 23, 1997, one day before the expiration of the grace period established by this court for state prisoners whose convictions became final before the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Garcia's state petition was denied and the New Mexico Supreme Court denied his petition for a writ of certiorari. Five days later, Garcia filed his federal habeas corpus petition pursuant to 28 U.S.C. § 2254. The district court concluded that Garcia failed to file his federal petition within the one-year statute of limitations for such petitions, *see* 28 U.S.C. § 2244(d), and that he was not entitled to equitable tolling of the one-year limitations period. Although the district court dismissed Garcia's federal petition as untimely, it granted him a certificate of appealability ("COA") "on the issue of how much time remains following the denial of a petition filed on the last

day of the grace period." Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the dismissal of Garcia's federal habeas petition.

## II.    Background

In 1981, Garcia was convicted of killing an inmate and a corrections officer while incarcerated in the maximum security area of the New Mexico State Penitentiary. *State v. Garcia*, 664 P.2d 969 (N.M. 1983). Garcia's convictions and sentences were affirmed by the New Mexico Supreme Court on January 20, 1983. *Id*. at 979. The United States Supreme Court thereafter denied Garcia's petition for a writ of certiorari. *Garcia v. New Mexico*, No. 82-6424, 462 U.S. 1112 (June 6, 1983).

While Garcia's appeal was pending in New Mexico state court, he pleaded no contest to a charge of first degree murder and a charge of second degree murder. These charges arose from the killings of two other inmates. Garcia did not challenge either of these additional convictions or the sentences he received. Further, Garcia did not file a federal habeas corpus petition challenging any of his four murder convictions.[1] In 1993, Garcia was transferred from the New Mexico

---

[1]In 1996, Garcia purported to file a federal habeas petition with the federal district court for the District of New Mexico. The petition, however, was construed as a 42 U.S.C. § 1983 federal civil rights complaint and was dismissed by the court. On appeal, this court affirmed the dismissal. *Garcia v. Hoover*, No. 97-2375, 1998 WL 614673, at *1 (10th Cir. Sept. 9, 1998) (unpublished disposition).

State Penitentiary to Pelican Bay State Prison in Crescent City, California pursuant to the Interstate Corrections Compact.

In March 1997, the Habeas Corpus Rule Change Project (the "Project") operated by the New Mexico Public Defender's Department, mailed information to out-of-state prisoners, including Garcia, in an attempt to educate them about the AEDPA and assist them in filing *pro se* state and federal habeas petitions. Garcia asserts that he mailed a letter and a completed New Mexico state habeas petition to the Project on April 13, 1997. The Project filed Garcia's state petition on April 23, 1997.

The state district court dismissed Garcia's petition on July 22, 1997 and the New Mexico Supreme Court denied Garcia's petition for a writ of certiorari on November 5, 1997. The Project filed Garcia's federal § 2254 petition on Monday, November 10, 1997. The § 2254 petition states that the attorney for the Project received the order of the New Mexico Supreme Court denying Garcia's petition for a writ of certiorari on Saturday, November 8.

In his § 2254 petition, Garcia raised challenges to all four of his convictions. With respect to the two murder charges on which he went to trial, Garcia asserted that he was denied the right to a fair trial with an impartial jury and was denied his right to due process because the trial judge: (1) failed to properly instruct the jury on the essential elements of the charges against him, (2)

allowed the dying declaration of one victim to be admitted, (3) admitted evidence of his involvement in a prison gang, and (4) admitted other prejudicial evidence. Garcia also argued that his pleas in the two other cases were not knowing and voluntary and were the result of ineffective assistance of counsel.

Garcia's § 2254 petition was referred to a magistrate judge who did not analyze the substance of Garcia's claims but recommended dismissing the petition as untimely. The magistrate judge first discussed the one-year statute of limitations in the AEDPA applicable to federal habeas corpus petitions filed by persons in custody pursuant to a judgment of a state court. *See* 28 U.S.C. § 2244(d). This provision of the AEDPA took effect on April 24, 1996. This court subsequently adopted a rule that petitioners whose convictions became final before the effective date of the AEDPA had until April 24, 1997 to file their federal habeas petitions. *United States v. Hurst,* 322 F.3d 1256, 1261 n.4 (10th Cir. 2003) (en banc). Additionally, the one-year limitation period is tolled during the time a "properly filed" state habeas corpus petition is "pending" before the state courts. 28 U.S.C. § 2244(d)(2). The magistrate judge reasoned that because Garcia filed his state habeas petition on the last day of the one-year federal grace period, he had but one day after the New Mexico Supreme Court denied his certiorari petition to file his federal § 2254 habeas petition. Because the federal petition was filed five days later, it was time-barred by 28 U.S.C. § 2244(d).

The magistrate judge addressed and rejected Garcia's argument that his state habeas petition should be deemed filed on the date he mailed the petition from the prison to the Project. The magistrate judge similarly rejected Garcia's argument that his state habeas petition remained pending until the Project received notice of the New Mexico Supreme Court's denial of certiorari. Finally, the magistrate judge found no grounds for equitable tolling of the statute of limitations and further concluded that Garcia had not diligently pursued his federal claims, thus precluding equitable relief.

Garcia filed written objections to the magistrate's recommended disposition. The district court, however, adopted the findings and recommendation of the magistrate judge and dismissed Garcia's petition. The district court granted Garcia a COA "on the issue of how much time remains following the denial of a petition filed on the last day of the grace period" and this appeal followed.

## III. Discussion

### A. Standard of Review

In an appeal from the dismissal of a federal habeas corpus petition, this court reviews a district court's findings of fact for clear error and its conclusions of law *de novo*. *Davis v. Executive Dir. of Dep't of Corr.*, 100 F.3d 750, 756 (10th Cir. 1996). Specifically, we review *de novo* the district court's denial of a habeas

petition based on § 2244(d). *Gibson v. Klinger,* 232 F.3d 799, 803 (10th Cir. 2000).

B.    *Applicability of the Mailbox Rule*

Garcia's first contention is that his federal petition would be timely if he were given the benefit of a prison mailbox rule. Under the federal mailbox rule, a *pro se* prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 276 (1988). According to Garcia, his state habeas petition should be considered filed as of April 14, 1997, the date he mailed it from prison to the Project. Garcia argues that if the mailbox rule is applied to his state habeas petition, the federal limitations period would be tolled for an additional nine days and his federal habeas petition would be timely. Garcia's argument, however, has no merit.

This court has held that "state procedural law must govern when determining whether a state petition is 'properly filed'" and, consequently, "the federal mailbox rule announced in *Houston v. Lack* does not apply to § 2244(d)(2) for purposes of determining when the tolling period for a properly-filed state petition begins." *Adams v. LeMaster,* 223 F.3d 1177, 1181 (10th Cir. 2000). Moreover, after reviewing New Mexico procedural law in *Adams,* we held that "the New Mexico Supreme Court would side with those state courts relying on the plain meaning of their respective state procedural rules to reject the prison

mailbox rule," and stated that "[w]e are convinced New Mexico's rules require, at the very least, receipt by the clerk before a petition is filed." *Id.* at 1182-83. Garcia has not guided us to, nor have we found, New Mexico authority that is contrary to our decision in *Adams.* Moreover, Garcia provides no evidence indicating that the New Mexico district court received his petition any day other than the uncontested date of filing by that court. Accordingly, we conclude that Garcia's state petition was "properly filed" for purposes of § 2244(d)(2) on April 23, 1996.

C.      *Applicability of a Notice Rule*

Garcia next urges this court to adopt a "notice rule" and hold that a state habeas petition is pending for purposes of § 2244(d)(2) until the petitioner or his counsel receives notice of its denial by the state court. In Garcia's case, the New Mexico Supreme Court denied his petition for a writ of certiorari on November 5, 1997, but the Project did not receive the state court order until Saturday, November 8, 1997. Gail Evans, an attorney with the Project, filed Garcia's § 2254 petition on Monday, November 10.

Section § 2244(d)(2) clearly and unambiguously states that the federal limitations period is tolled only during the time a properly filed state application for collateral review is *pending* in the state court. This court has held that a New Mexico state habeas petition is no longer "pending" for purposes of § 2244(d)(2)

once a petition for a writ of certiorari is disposed of by the state's highest court. *See Barnett v. LeMaster,* 167 F.3d 1321, 1323 (10th Cir. 1999) (holding that the one-year limitations period was tolled "until the state supreme court denied [petitioner's] timely-filed petition for writ of certiorari"); *Adams,* 223 F.3d at 1180 (stating that "[petitioner's] period of limitation was tolled from the time he filed his second state petition until . . . the New Mexico Supreme Court denied certiorari"). Garcia has not identified any provision in § 2244(d) or any legislative history indicating Congress intended the term "pending" to include the time necessary for a petitioner to receive notice of a state court's decision. Because the notice rule advocated by Garcia conflicts with the plain language of § 2244(d)(2), we decline to adopt it. This conclusion is in accord with that of other circuits that have refused to adopt a notice rule. *See*, *e.g.*, *Donovan v. Maine,* 276 F.3d 87, 92 (1st Cir. 2002) (rejecting argument that petitioner's state application was pending until the date counsel received notice of its denial); *Geraci v. Senkowski,* 211 F.3d 6, 9 (2d Cir. 2000) (same).

Garcia's state habeas petition was pending until the New Mexico Supreme Court denied certiorari on November 5, 1997. The AEDPA limitations period then began to run again. Because Garcia's state habeas petition was filed on April 23, 1996, he had only one day after the New Mexico Supreme Court denied his

petition for a writ of certiorari to file his § 2254 petition. Because Garcia's §

2254 petition was not filed until November 10, 1997, it is untimely.

## IV. Conclusion

The judgment of the United States District Court for the District of New

Mexico dismissing Garcia's § 2254 petition as untimely is **affirmed**.[2]

---

[2]The one-year federal limitations period found in § 2244 is not jurisdictional and is subject to equitable tolling in appropriate cases. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). However, we have limited equitable tolling of the limitations period to "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted). Moreover, "[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). The magistrate judge recommended rejecting Garcia's argument that he was entitled to equitable tolling, concluding, *inter alia*, that Garcia was not diligent in pursuing post-conviction relief in the late 1980's and early 1990's. Garcia did not challenge this conclusion in his written objections to the R&R. Further, Garcia does not address this issue in his appellate brief. The issue, therefore, is not properly before this court. *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 624 (10th Cir. 1998) ("[A]rguments not set forth fully in the opening brief are waived."); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").