**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TODD CARLTON SMITH, also
known as Shameka Shemae Shamya,

      Plaintiff-Appellant,

v.

LOUIS E. BRUCE, Warden,
Hutchinson Correctional Facility;
WILLIAM L. CUMMINGS, Secretary
of Corrections Designee; (FNU)
FIELDS, Librarian, Hutchinson
Correctional Facility; (NFN) RHINE,
Assistant Librarian, Hutchinson
Correctional Facility; JOHN DOE, III,
Assistant Warden of Programs,
Hutchinson Correctional Facility,

      Defendants-Appellees.

No. 03-3191
(D.C. No. 03-CV-3116-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Todd Carlton Smith, a pro se state prisoner incarcerated in Kansas, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Plaintiff alleged in his complaint that defendants have denied him access to the courts because the prison library at the Hutchinson Correctional Facility in Hutchinson, Kansas is inadequate and he did not receive sufficient legal assistance at the prison. Plaintiff also alleged that defendants retaliated against him for using the prison's administrative grievance process by firing him from his job as a law clerk in the prison library. The district court concluded that plaintiff had failed to state a claim for denial of access to the courts or for retaliation, and the court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

We review the dismissal of a complaint under § 1915(e)(2)(B)(ii) de novo, accepting the allegations in the complaint as true and viewing them in the light most favorable to the plaintiff. *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). We also construe the allegations in a pro se complaint liberally, and "[d]ismissal of a pro se complaint for failure to state a claim is

proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* Applying these standards, we agree with the district court that plaintiff has failed to state a claim on which relief may be granted. We also conclude that it would be futile to give plaintiff an opportunity to file an amended complaint.

In *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996), the Supreme Court explained that a prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the prison officials' acts hindered his ability to pursue a nonfrivolous legal claim. As a result, plaintiff does not have "an abstract, freestanding right to a law library or legal assistance," and he "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351.

Plaintiff is incarcerated at the Hutchinson Correctional Facility for a criminal conviction in Florida, and the only actual injury alleged by plaintiff is his claim that he was unable to file a timely appeal regarding the order entered by the Circuit Court for the Fourteenth Judicial Circuit in Jackson County, Florida, in December 2002 denying the motion he filed to correct his sentence. [1]

_____

[1] Although plaintiff also referred to three federal district court cases in his complaint, and alleged that defendants had prevented him from complying with

(continued...)

-3-

According to plaintiff, he was unable to file a timely appeal because defendants denied him access to the prison law library at the Hutchinson Correctional Facility until after the thirty-day period for filing an appeal under Florida law had expired. Plaintiff claims that this "resulted in him becoming procedurally time barred from appellate review." Aplt.'s Br. at 2.

The district court concluded that plaintiff had failed to state a claim for denial of access to the courts. The court based its conclusion on the fact that plaintiff submitted two orders from the District Court of Appeal of Florida, First District, as attachments to his complaint, but neither of the orders "require[d] him to file pleadings with legal argument and citation. Rather, the state appellate court directed plaintiff to supply copies of documents which already existed." R., Doc. 9 at 6. As a result, the court found that plaintiff had "not shown an actual injury which is reasonably related to the alleged deficiencies of the Hutchinson Correctional Facility law library or to any limits on access to the law library." *Id.* at 5-6. The district court also noted that "it appears plaintiff was represented by an attorney during at least a portion of the relevant time, and . . . plaintiff had the

---

[1](...continued)
certain deadlines in one of the cases, plaintiff has made no reference to the federal cases in his appellate brief. Plaintiff has therefore waived any claims with respect to the federal cases. *See Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003).

option of having cases copied by the law schools located in Topeka and Lawrence, Kansas." *Id.* at 6.

Although we agree with the district court that plaintiff has failed to state a claim for denial of access to the courts, we arrive at this conclusion based on a different analysis. To begin with, as noted by plaintiff in his opening brief, the two state appellate court orders attached to plaintiff's complaint were related to a separate appeal filed by plaintiff that does not concern the motion he filed to correct his sentence. Consequently, the orders are not relevant to the issue of whether plaintiff needed access to the prison law library to appeal the denial of the motion to correct his sentence.

Nonetheless, we conclude that, even if plaintiff's claim that defendants deprived him of the use of the prison law library during the thirty-day period under Florida law for filing an appeal is true, this fact did not prevent plaintiff from filing a timely appeal regarding the denial of the motion to correct his sentence. First, under the Florida Rules of Appellate Procedure, plaintiff was required only to file a notice of appeal within thirty days from the rendition of the trial court's order. *See* Fla. R. App. P. 9.140(b)(3); *Johnson v. Florida*, 840 So. 2d 1164 (Fla. Dist. Ct. App. 2003). Plaintiff did not need access to a law library to prepare a notice of appeal, as it only had to contain very general information regarding the trial court proceedings. *See* Fla. R. App. P. 9.110(d).

Second, plaintiff has not alleged that he was unaware of the thirty-day deadline for filing a notice of appeal because he was denied access to the prison law library. Thus, we conclude that plaintiff has failed to allege an actual injury under *Lewis*, and we see no basis for giving him an opportunity to amend his complaint.

Finally, we agree with the district court that plaintiff has failed to state a retaliation claim. Although plaintiff claims that defendants terminated him from his position as a law clerk in retaliation for his use of the prison's administrative grievance process, the documents attached to plaintiff's complaint show that he requested that he be relieved from his position as a law clerk so that he could work on his pending legal actions. In addition, we agree with the district court that plaintiff "had no protected right to return to his former work assignment, and the fact that he did not immediately obtain a new work assignment when he completed his legal work does not reasonably suggest that there was retaliatory conduct or discrimination." R., Doc. 9 at 7-8.

The judgment of the district court is AFFIRMED. Because the district court granted plaintiff leave to proceed on appeal in forma pauperis, we remind plaintiff of his continued obligation to make partial payments toward the appellate filing fee until it is paid in full.

Entered for the Court


Mary Beck Briscoe
Circuit Judge