FILED
United States Court of Appeals
Tenth Circuit

**August 28, 2009**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

FRANK LOUIS SINDAR,

　　　　Petitioner - Appellant,

　　v.

STEVEN TURLEY, Warden; CURTIS L.
GARNER, Chairman; JESSE GALLEGOS;
KEITH N. HAMILTON; CHRISTOPHER
A. HANSEN; CLARK A. HARMS; UTAH
BOARD OF PARDONS, Board Attorneys,
as constituted, past and present,

　　　　Respondents - Appellees.

No. 09-4060
(D. Ct. No. 2:08-CV-133-DAK)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Petitioner-appellant Frank Sindar is a Utah state prisoner. The district court denied

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Sindar now seeks a certificate of appealability ("COA") from this court. We have jurisdiction under 28 U.S.C. § 1291. We DENY Mr. Sindar's application for a COA, and we DISMISS his appeal.

## I. BACKGROUND

Mr. Sindar pleaded guilty to attempted aggravated sexual abuse of a child, a first-degree felony under Utah law. Judgment was entered against him on September 24, 2004. The judgment states that Mr. Sindar was sentenced to "an indeterminate term of not less than three years and which may be life in the Utah State Prison." He did not appeal his conviction or sentence. Mr. Sindar has filed several actions in state court since his incarceration: an application for a protective order and three "malfeasance in office" complaints against a Utah district court judge, the prosecutor in his case, and his initial defense counsel. He also filed a previous federal habeas petition, which was dismissed without prejudice for failure to exhaust state remedies. Mr. Sindar filed this habeas petition on February 20, 2008. The district court denied it as untimely and for failure to exhaust his state remedies. Mr. Sindar seeks a COA from this court.

## II. DISCUSSION

"A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009). To demonstrate that he is entitled to a COA, Mr. Sindar must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Mr.

Sindar's petition on procedural grounds, he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court's ruling that the statute of limitations had expired could not be debated by "jurists of reason." Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the limitations period for a state prisoner filing a habeas petition is one year. 28 U.S.C. § 2244(d)(1). The period begins running from the latest of: (A) the date the judgment becomes final, either from the conclusion of direct review or the expiration of time to seek direct review; (B) the date a state-created impediment to filing, if any, is removed; (C) the date that the Supreme Court initially recognizes a constitutional right that forms the basis of the petition; or (D) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(A)–(D). Mr. Sindar did not appeal from the September 24, 2004 judgment. He had thirty days to do so. *See* Utah R. App. 4(a). Therefore, the statute of limitations began to run on October 25,[1] unless another provision of § 2244(d)(1) applies.

Mr. Sindar suggests that the state engaged in a pattern of wrongful conduct, preventing the statute of limitations from running under the "continuing wrong doctrine."

---

[1]October 24, 2004 fell on a Sunday.

Construing his appeal liberally,[2] we could interpret that statement as an argument that until the first three years of his sentence had passed, he did not know that the parole board had the power to keep him in prison indefinitely. Thus, he could not have discovered the "factual predicate" of the claim until September 2007. We disagree with Mr. Sindar's position. The state court judgment clearly indicates that Mr. Sindar's sentence is for an "indefinite" time, including and up to life in prison. Thus, the basis of his petition "could have been discovered through the exercise of due diligence" as of the date of judgment.

Because the limitations period began on October 25, 2004, it would end one year later unless the period was tolled. The AEDPA allows for tolling during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Mr. Sindar's state filings, however, did not challenge his conviction or sentence. He applied for a protective order and made three claims for "malfeasance in office," none of which sought post-conviction relief for himself or collateral review of the judgment against him. Thus, none of his state filings tolled the statute of limitations. In addition, his previous federal habeas petition did not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("[A]n application for federal habeas court review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").

---

[2]This court liberally construes the pleadings of litigants who are proceeding pro se. *Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1254 (10th Cir. 2009).

In "rare and exceptional circumstances," a court may toll the statute of limitations for equitable reasons. *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003) (quotations omitted). Such circumstances include an inmate demonstrating that his late filing was due to circumstances beyond his control, *id.*, or an inmate demonstrating actual innocence. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Mr. Sindar has not argued that he was prevented from filing a timely habeas petition or that he is actually innocent. We see no basis for equitable tolling in this case.

Because the statute of limitations began running on October 25, 2004 and was not tolled, Mr. Sindar had until approximately October 25, 2005 to file his petition. He filed it more than two years late, on February 20, 2008. The district court therefore properly dismissed the petition as untimely. Having made that determination, we need not address whether Mr. Sindar exhausted his state remedies.

### III. CONCLUSION

Reasonable jurists could not debate that Mr. Sindar's § 2254 petition was filed beyond the statute of limitations. We therefore DENY his application for a COA, and we DISMISS his appeal. We GRANT both his motion to proceed in forma pauperis on

appeal and his motion to supplement.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge