FILED
United States Court of Appeals
Tenth Circuit

September 22, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JEREMY EBY,

         Petitioner-Appellant,

    v.

JAMES JANECKA, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

         Respondents-Appellees.

No. 09-2098

(Case No. 08-CV-01105-BB-RHS)

(D.N.M.)

---

**ORDER**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

*Pro se* Petitioner, Jeremy Eby, a state inmate, seeks a Certificate of

Appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254

habeas petition. Petitioner was convicted in a New Mexico state court of second

degree murder and evidence tampering. On September 23, 2005, the court

sentenced Petitioner to fifteen years of imprisonment, after finding him to be a

serious violent offender. Petitioner appealed. On June 30, 2006, the New Mexico

Court of Appeals affirmed the trial court's judgment and sentence. Petitioner

filed a petition for writ of certiorari in the New Mexico Supreme Court. The

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court denied this petition on September 19, 2006, and issued its mandate on November 20, 2006. Then, in February 2008, Petitioner filed a petition for writ of habeas corpus in state court which was denied on February 25, 2008. Petitioner again petitioned for writ of certiorari on June, 20, 2008. The New Mexico Supreme Court denied his petition on July 10, 2008. Finally, Petitioner filed the federal habeas corpus petition at issue on November 17, 2008. The federal district court dismissed Petitioner's habeas petition as untimely and denied him a COA.

To obtain a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Petitioner has not met this burden because his petition is time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations period for § 2254 petitions. 28 U.S.C. § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review."[1]  *Id.*  In Petitioner's case, the limitations period began to run on December 20, 2006—after the time expired in which Petitioner could have petitioned the United States Supreme Court for certiorari to review his direct appeal.  *See Locke v. Saffle*, 237 F.3d 1269, 1271–73 (10th Cir. 2001).  To be timely, Petitioner needed to file his federal habeas petition within a year of this date.  However, he first filed it on November 17, 2008—nearly eleven months too late.

Although the limitations period is tolled while a petitioner seeks habeas relief in state court, in this case, Petitioner did not seek state habeas relief until after the limitations period under § 2244 had already run.  Accordingly, Petitioner's state habeas petition had no tolling effect on the limitations period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").  Moreover, as the federal magistrate court observed, Petitioner's federal habeas petition would still be ten months too late even if the limitations period were tolled during the pendency of Petitioner's state habeas case.

---

[1] Although other provisions dictate the limitations period in particular circumstances, *see* § 2244(d)(1)(B–D), Petitioner has not asserted any of these provisions apply to his case, nor do they appear to apply.

Further, while the limitations period can be equitably tolled, such tolling is only available in "rare and exceptional circumstances" where the petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003) (internal quotations omitted). In this case, Petitioner has not established that extraordinary circumstances prevented his timely filing nor that he diligently pursued his claims.

Finally, Petitioner makes an argument of actual innocence. "A claim of actual innocence may toll the AEDPA statute of limitations." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). To effectively make this claim, the petitioner must establish that, in light of "reliable evidence not presented at trial," *Calderon v. Thompson*, 523 U.S. 538, 559 (1998), "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). While Petitioner claims the trial evidence shows he did not kill the victim, his allegations are conclusory and were already heard and rejected by the New Mexico Court of Appeals. He offers no new, reliable evidence to support his contention.

In sum, no reasonable jurist could dispute that the district court was correct to dismiss Petitioner's application as time-barred. Therefore, we DENY

Petitioner's request for a COA and **DISMISS** the appeal. All other pending

motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge