FILED
United States Court of Appeals
Tenth Circuit

June 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVIS JOHN GOBERT,

      Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

      Respondent - Appellee.

No. 10-6008
(D. Ct. No. 5:09-CV-01368-C)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE,** Chief Circuit Judge, **TACHA,** and **O'BRIEN,** Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Davis John Gobert, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2254. The district court dismissed the petition as untimely. We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Gobert's request for a COA, and DISMISS this appeal.

# I. BACKGROUND

Mr. Gobert pleaded guilty to one count of first-degree murder and one count of second-degree murder on April 21, 2003.  The same day, he was sentenced to consecutive sentences of life imprisonment and twenty-five years' imprisonment with five years suspended, respectively.  Mr. Gobert did not appeal his convictions or sentences.  On July 23, 2009, however, Mr. Gobert filed an Application for Post Conviction Relief/Appeal Out of Time, which was denied on July 28, 2009.  On December 15, 2009, Mr. Gobert filed the instant petition for habeas corpus relief under 28 U.S.C. § 2254.  The district court dismissed the petition as barred by the one-year limitations period governing § 2254 claims, *see* 28 U.S.C. § 2244(d)(1), and denied Mr. Gobert's application for a COA.  Mr. Gobert now seeks a COA from this court.

# II. DISCUSSION

A state petitioner may not appeal from the denial of a § 2254 petition without first obtaining a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).  When, as is the case here, the district court denies the petition on procedural grounds, we will issue a COA only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We conclude that the district court was clearly correct in its procedural ruling that Mr. Gobert's petition is

untimely.

A one-year statute of limitations governs § 2254 petitions. 28 U.S.C. § 2244(d)(1). In general, the period begins to run on the date that the petitioner's conviction and sentence "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In this case, Mr. Gobert pleaded guilty and was sentenced on April 21, 2003. He did not move to withdraw his guilty pleas, file a direct appeal, or seek a writ of certiorari from the United States Supreme Court. As a result, Mr. Gobert's convictions and sentences became final ten days later, on May 1, 2003. *See* Okla. Crim. App. R. 2.5(A) & 4.2(A); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). Accordingly, Mr. Gobert had until approximately May 1, 2004 to file a § 2254 petition, rendering his December 2009 filing well outside the limitations period.

The fact that Mr. Gobert filed an Application for Post Conviction Relief/Appeal Out of Time in July 2009 does not change this result. First, although the filing of a state motion for post-conviction relief tolls the § 2244(d)(1)(A) limitations period, *see* 28 U.S.C. § 2244(d)(2), no tolling occurred here because Mr. Gobert's state motion for post-conviction relief was filed after the § 2241(d)(1)(A) limitations period had already expired. *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001). Second, because the Oklahoma courts denied Mr. Gobert's request to appeal out of time, these proceedings do not count toward the direct review process for purposes of § 2244(d)(1)(A). *See Orange v. Calbone*, 318 F.3d 1167, 1170–71 (10th Cir. 2003) (holding that the granting

- 3 -

of an application to file an appeal out of time is considered part of the direct appeal process under Oklahoma law).[1]

Nor do we find a basis for equitable tolling. In "rare and exceptional circumstances," a court may toll the statute of limitations for equitable reasons. *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003) (quotations omitted). Such circumstances include an inmate demonstrating that his late filing was due to circumstances beyond his control, *id.*, or an inmate demonstrating actual innocence. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Mr. Gobert, however, has not provided any reason sufficient to equitably toll the limitations period.

Finally, Mr. Gobert's contention that the Anti-Terrorism and Effective Death Penalty Act of 1996 is an unreasonable suspension of the right to seek habeas corpus relief in contravention of the Bill of Rights was not presented in his § 2254 petition and therefore will not be considered here.

### III. CONCLUSION

Mr. Gobert's request for a COA is DENIED and this appeal is DISMISSED. We

---

[1]Mr. Gobert also appears to argue that the Oklahoma Court of Criminal Appeals erred in denying his Application for Post Conviction Relief/Appeal Out of Time. He has not, however, indicated how the denial violates his constitutional or federal rights, which is a prerequisite to any claim pursued in a § 2254 petition. *See* 28 U.S.C. § 2254(a).

- 4 -

DENY his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge