**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

CHARLES KEITH JACKSON,

    Petitioner - Appellant,

v.

JASON BRYANT, Warden,

    Respondent - Appellee.

No. 18-7047
(D.C. No. 6:17-CV-00385-RAW-KEW)
(E.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Charles Jackson seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the appeal.

**I**

Jackson was convicted by a jury in Oklahoma state court of first degree manslaughter. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on direct appeal on August 27, 2015. Jackson's conviction became final on November 25, 2015, when his deadline to file a petition for writ of certiorari with the United States Supreme Court passed.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On July 12, 2016, Jackson filed a brief in support of an application for post-conviction relief with the state district court. The brief was not accompanied by a complete application for post-conviction relief and therefore did not comply with Oklahoma procedural requirements. Okla. Stat. tit. 22, § 1081. The state district court denied his brief on August 15, 2016, because it was not properly filed. Jackson received a copy of the denial in August 2016, but did not rectify the error. On February 24, 2017, Jackson filed a proper post-conviction application with the state district court, which was denied in May 2017. The OCCA affirmed the denial on September 8, 2017.

In October 2017, Jackson filed a § 2254 petition in federal district court, which ultimately denied the petition as time-barred and declined to grant a COA. Jackson now seeks a COA from this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, Jackson must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period on habeas petitions filed by state prisoners. § 2244(d). This period generally runs from the date a conviction became final. See § 2244(d)(1). Absent tolling, Jackson's AEDPA limitations period expired on November 26, 2016.

AEDPA's limitation period is tolled while a properly filed application for state post-conviction relief is pending. § 2244(d)(2). "Proper filing" occurs when the application's "delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Whether an application for state post-conviction relief is "properly filed" is a matter of state procedural law. Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003).

Careful review of Jackson's brief, the record, and the district court's order fails to "raise a debatable issue as to whether his petition was improperly dismissed as time-barred." May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003). Jackson did not properly file an application for state post-conviction relief under Oklahoma law within the one-year AEDPA limitations period. Therefore, he is not entitled to statutory tolling. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (state post-conviction proceedings toll AEDPA statute of limitations only when "filed within the one year allowed by AEDPA").

Jackson argues that his limitations period should be equitably tolled, based on either his good faith attempts to comply with the statute of limitations or his proclaimed actual innocence. Equitable tolling "is only available when an inmate

3

diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Because Jackson had notice of his failure to comply with the filing requirements prior to the expiration of the AEDPA limitations period, his failure to correct the errors cannot be considered an extraordinary circumstance beyond his control.

Equitable tolling is also appropriate "when a prisoner is actually innocent." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Jackson claims that he should have been found guilty only of negligent homicide because his intoxication at the time of the crime was by physician-prescribed back medication. To meet the actual innocence exception, however, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him" based upon new reliable evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995) (quotation omitted). There is nothing in Jackson's brief that constitutes new, reliable evidence that he is actually innocent of first degree manslaughter.

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4