**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIE J. TRIMBLE, JR.**,**

      Petitioner - Appellant,

v.

WARDEN: MATHEW HANSEN, and
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 18-1490
(D.C. No. 1:18-CV-01336-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BACHARACH**, **McKAY**, and **O'BRIEN**, Circuit Judges.

On December 9, 2009, Willie J. Trimble was sentenced to life imprisonment
without parole after a Colorado state jury convicted him of sexual assault and felony
murder. The Colorado Court of Appeals (CCA) affirmed his conviction on direct appeal
on September 12, 2013, and the Colorado Supreme Court denied his certiorari petition on
July 28, 2014. Trimble delivered a state petition for post-conviction review to the prison
mailroom on October 25, 2015; it was filed three days later. The state trial judge denied
relief. The CCA affirmed and the Colorado Supreme Court again denied certiorari review

on May 21, 2018. Four days later, Trimble filed a pro se 28 U.S.C. § 2254 petition.[1]

The district judge dismissed the petition as time-barred. Trimble wishes to appeal and seeks a certificate of appealability (COA), a jurisdictional prerequisite. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The judge denied a COA, so he renews his request here.

A COA is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Trimble must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The judge's written opinion was abundantly clear and the result indisputably correct. A COA applicant who merely regurgitates arguments made in the district court is doomed to failure. He must tangibly show how and why the judge's ruling is reasonably debatable. That is hard work; Trimble hasn't even broken a sweat.

Because Trimble did not seek certiorari review with the United States Supreme Court during his direct appeal proceedings, the judge recognized his conviction as final on October 27, 2014—the next business day after the 90-day window closed for filing a petition for a Writ of Certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1; *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Absent tolling, he had one

---

[1] We read Trimble's pro se materials with a solicitous attitude but don't act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

year from that date, or until October 27, 2015, in which to apply for federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). He did not file his § 2254 petition until May 25, 2018.[2]

State petitions for post-conviction relief generally toll the time limitations for seeking federal habeas relief. 28 U.S.C. § 2244(d)(2). Be that as it may, the federal district judge concluded Trimble was not entitled to statutory tolling because the state court received his state petition for post-conviction relief on October 28, 2015, one day after the federal habeas limitations period had expired. Trimble contends the federal judge erred because he is entitled to the "mailbox rule." Aplt.'s Opening Br. & COA Mot. at 7. In this context, state—not federal—procedural law governs. *Garcia v. Shanks*, 351 F.3d 468, 471-72 (10th Cir. 2003). To Trimble's benefit, Colorado has a mailbox rule. Colo. R. Civ. P. 5(f) (2018).[3] Assuming he complied with that rule's requirements, his state habeas petition was "filed" on October 25, 2015, within the one-year allotted by § 2244(d). Accordingly, his federal habeas limitations period was statutorily tolled on that date pending resolution of his state habeas claims. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). That helps him, but not enough.

---

[2] The district court did not receive Trimble's § 2254 petition until May 31, but the Colorado Department of Corrections received the petition for mailing on May 25. *Compare* R. at 4 *with* R. at 15. The judge did not explicitly discuss it, but he seems to have given Trimble the benefit of a prison mailbox rule. *See* Rule 3(d), Rules Governing § 2254 Cases.

[3] In Colorado, "a pleading or paper filed or served by an inmate confined to an institution is timely filed or served if deposited in the institution's internal mailing system on or before the last day for filing or serving." Colo. R. Civ. P. 5(f). If the prison has a legal-mail system, "the inmate must use that system to receive the benefit of this rule." *Id.*

As the judge also realized, state habeas proceedings toll the federal habeas statute of limitations while those proceedings are "pending." 28 U.S.C. § 2244(d)(2). Trimble's state habeas proceedings were pending only until May 21, 2018, when the Colorado Supreme Court denied certiorari review. The next day statutory tolling ceased and the available time for filing a federal habeas petition resumed its relentless decline. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (tolling ceases under § 2244(d)(2) "[a]fter the State's highest court has issued its mandate or denied review"). The bar imposed by federal law fell two days after the Colorado Supreme Court denied certiorari review— May 23, 2018. Trimble's May 25, 2018 filing came too late.

Trimble urges us to consider his § 2254 petition as timely because he did not receive a copy of the Colorado Supreme Court order denying his certiorari petition until May 24, 2018, and he filed his petition the next day. Circuit courts have consistently held the federal habeas limitations period not to be subject to any sort of "notice rule." *Garcia*, 351 F.3d at 472 (collecting cases). The statutory tolling period ends the day the state supreme court denies review; not when the prisoner receives notice of that ruling or his paper copy. *Id.* ("Section 2244(d)(2) clearly and unambiguously states that the federal limitations period is tolled only during the time a properly filed state application for collateral review is *pending* in state court.").

The only remaining question is whether Trimble can show he is entitled to equitable tolling. To do so, he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and quotations

- 4 -

omitted). This doctrine applies only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). Rightly so; "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotations omitted). Thus, Trimble's burden is a heavy one. Equitable tolling applies only if he "show[s] specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted).

In considering the application of equitable tolling to federal habeas petitions, we have recognized "a prisoner's lack of knowledge that state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.) (per curiam), *amended in part by* 223 F.3d 797 (5th Cir. 2000)); *see also Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008) (noting that the Fifth, Sixth, Ninth, Tenth, and Eleventh Circuits "have concluded that prolonged delay by a state court in sending notice of a ruling that completes exhaustion of state court remedies can toll the [§ 2244(d)] limitations period" and collecting cases). But "not in every case will a prisoner be entitled to equitable tolling until he receives notice"—it depends on the facts of each case. *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).

Equitable tolling requires an extraordinary circumstance preventing timely filing.

*Holland*, 560 U.S. at 649. A prolonged delay in the state court's mailing of an order or in the prisoner's receipt thereof can be one such extraordinary circumstance. *See, e.g.*, *Woodward*, 263 F.3d at 1142-43 (petitioner had not received notice twenty-five days after state court issued its order)[4]; *Knight*, 292 F.3d at 711 (eighteen-month delayed notice); *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002) (six-month delayed notice). "In contrast, an ordinary de minimis delay incident to transmission of mail from court to prisoner would not be an extraordinary circumstance warranting equitable tolling." *Earl v. Fabian*, 556 F.3d 717, 723 n.3 (8th Cir. 2009); *see also Saunders v. Senkowski*, 587 F.3d 543, 550 (2d Cir. 2009) (seven-day delay in notice "occasioned by the normal course of the mail" is not "an 'extraordinary' circumstance for purposes of equitable

---

[4] *Woodward* did not involve an untimely § 2254 petition. Rather, the issue of equitable tolling arose when the petitioner attempted to add new claims to his § 2254 petition after the limitations period had expired. Woodward filed his § 2254 petition with twenty days to spare. 263 F.3d at 1139. Five days later, he filed a state petition for post-conviction relief raising sixteen new claims. *Id.* The petition was denied, and the New Mexico Supreme Court denied certiorari review. *Id.* Thirty-eight days later, he sought to amend his § 2254 petition to add the sixteen new claims. *Id.* The district judge decided the new claims were time-barred because the statutory tolling period expired fifteen days after the New Mexico Supreme Court denied certiorari. *Id.* Woodward, like Trimble, claimed the statute of limitations should be equitably tolled until he received notice of the denial. *Id.* at 1142. But the delay in *Woodward* was more substantial—at least a several week delay. *Id.* at 1139, 1142 n.5. Woodward claimed he had not received notice of the state court order as of February 20, 1998—if the statute of limitations were tolled until that time, his amended federal petition would have been timely. *Id.* at 1142 n.5. Ultimately, there was a more fundamental problem—we could not meaningfully review the judge's decision because he had simply overruled the argument without comment. *Id.* at 1143. We therefore remanded the case to the district court to consider the petitioner's equitable tolling argument, directing the district court to "balance the equities of this case on the record and, if necessary, determine when Woodward actually learned of the state court's disposition." *Id.*

- 6 -

tolling"). As the Fourth Circuit has explained, "[e]very person knows, or should know, that it can take at least several days to receive mail even from within the same postal jurisdiction, and he can, and may reasonably be required to, adjust his conduct accordingly." *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001). If this were not so, applying equitable tolling because of an ordinary mailing period "effectively would be nothing short of [an improper judicial extension of] the legislatively-prescribed one-year statute of limitations." *Id.* That we will not do.

Here, there is no allegation or evidence of a prolonged delay on the part of the Colorado Supreme Court in sending Trimble notice of its denial of review that would constitute an extraordinary circumstance warranting equitable tolling. We are dealing only with the brief interval between a prompt state court mailing and Trimble's receipt of that court's order—he received his copy just three days after it was issued. That's not extraordinary by any measure. *See id.* ("Ordinary delivery time is not a 'rarity,' nor is the charge of knowledge of such to the habeas petitioner 'unconscionable.'").

Further, whether equitable tolling is appropriate in a given case depends not only on the allegation of delayed notice, but also on whether the prisoner pursued his rights with due diligence. *Holland*, 560 U.S. at 649. In this vein, Trimble contends requiring him to file for federal habeas relief the same day the Colorado Supreme Court denied his certiorari petition is "unfair" because he is a pro se prisoner. Aplt.'s Opening Br. & COA Mot. at 8. To begin, this is factually inaccurate—the bar imposed by the statute of limitations descended two days after the Colorado Supreme Court denied review. To continue, liberal construction of pro se petitions has limits; petitioners are bound by

- 7 -

federal procedural rules and, without more, a party's ignorance of the law and pro se status do not give rise to equitable tolling. *See, e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). In summary, pleas for equitable tolling require not only sensitivity to the applicant's immediate circumstances, but also a candid look at the totality of the circumstances. Due diligence is a marathon, not merely a sprint to the finish line.

Trimble had a full year to either file a federal habeas petition or to toll the limitations period by seeking post-conviction relief in state court. Had he acted sooner on the front end, he would have had more time on the back end. He has offered no explanation for delaying his petition for state post-conviction relief until two days before the window of opportunity closed. Without a compelling explanation for that delay (and he offers none) we cannot credit him with acting diligently in pursuing his rights.[5] "Were it not for [his] own delay, the time needed for ordinary mail delivery almost certainly would not have affected the timeliness of his habeas petition." *Spencer*, 239 F.3d at 630. Thus, absent evidence of a prolonged delay in notice of the state supreme court's order and without any explanation for his waiting 363 days to seek post-conviction relief in state court, Trimble has failed to show equitable tolling applies—this is not, as our sibling circuit put it, "a petitioner with a special call on equity." *Id.* at 631.

Nothing about the ultimate result of the district court's order is incorrect or even

---

[5] An applicant, late for a job interview, might seek to explain his tardiness by blaming traffic. A sophisticated interviewer would want to know why the applicant had not anticipated the problem and prepared accordingly. A natural disaster might satisfy as a sufficient reason, a mere lack of proper prior planning would not.

debatably incorrect. We **DENY** a COA and **DISMISS** this matter.

The judge also denied Trimble's motion to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*) because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Trimble has renewed his *ifp* request with this Court. We agree with the district judge—this appeal is frivolous. But because we have fully addressed his COA application, his renewed request to proceed *ifp* on appeal is **DENIED AS MOOT**.[6]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[6] A matter is moot if "granting a *present* determination of the issues offered will have [no] effect in the real world." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010) (quotations omitted).