FILED
United States Court of Appeals
Tenth Circuit

**May 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

BRYAN L. TRAVIS,

        Plaintiff-Appellant,

v.

PARK CITY MUNICIPAL
CORPORATION; PARK CITY
POLICE DEPARTMENT,

        Defendants-Appellees.

No. 08-4115

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:05-CV-00269-DB)**

---

Submitted on the briefs:[*]

Bryan L. Travis, Pro Se.

Richard A. Van Wagoner, Trystan B. Smith, Frederick Mark Gedicks, Snow, Christensen & Martineau, Salt Lake City, Utah, Mark D. Harrington, Thomas A. Daley, Sr., Park City Municipal Corporation, Park City, Utah, for Defendants-Appellees.

---

Before **MURPHY**, **McKAY**, and **PORFILIO**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**McKAY**, Circuit Judge.

Plaintiff appellant Bryan L. Travis appeals the district court's grant of summary judgment to the Park City Municipal Corporation and the Park City Police Department (Park City) on his 42 U.S.C. § 1983 action claiming that certain sections of Park City's Municipal Code, both as written and as applied, violate his civil rights. Specifically, Mr. Travis claims that Park City's refusal to allow him to display and sell his artwork in a public park without complying with relevant Park City ordinances violates his First, Fourth, Fifth, and Fourteenth Amendment rights. He also renews his previously denied motion for sanctions. Because Mr. Travis proceeds pro se, we construe his pleadings and briefs liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

In January 2005, Mr. Travis was displaying his art in Miner's Park in Park City, Utah. He was not openly selling his art, although he would have accepted compensation for it had a purchaser offered to buy. Shortly after Mr. Travis arrived at the park, a Park City police officer informed him that he needed to have a permit to display or sell his art. The officer instructed Mr. Travis to gather up his art and leave the park, which he did. Mr. Travis was neither detained nor arrested, and his art was not confiscated.

Three days later, Mr. Travis went to the Park City Planning Department to obtain the required permit. He was told by a City employee that he would not be able to secure a permit in time for the Sundance Film Festival, which ran from January 20, 2005, through January 30, 2005, because the application had to be considered by the City Council.

A year later, again during the Sundance Film Festival and again without a permit, Mr. Travis went to Miner's Park to display and sell his art. He was approached by another Park City employee and told that he could display his art but could not sell it without a permit. As with the first incident, Mr. Travis was neither detained nor arrested, and his art was not seized. Mr. Travis contends that the conduct of these three Park City employees, in attempting to enforce the Park City Municipal Code, violated his Constitutional rights.

Our jurisdiction arises under 28 U.S.C. § 1291. We review the grant of summary judgment de novo, applying the same standard as that used by the district court. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (quotation omitted). Thus, we will affirm the grant of summary judgment for movant Park City "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Further, "[i]n First Amendment cases, we have an obligation to make an

independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." *Thomas v. City of Blanchard*, 548 F.3d 1317, 1322 (10th Cir. 2008) (quotation omitted).

Before turning to the merits of this appeal, we note that this court recently announced its decision in *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271 (10th Cir. 2009), a case involving a similar challenge to now-amended Park City ordinances by Mr. Shaun Christensen, a "visual artist" and friend of Mr. Travis. Mr. Christensen challenged sections of the Park City Municipal Code (PCMC) regulating businesses in general. Specifically, he challenged those ordinances forbidding anyone from soliciting business within public parks unless specifically licensed, PCMC at § 4-3-3, and confining "businesses" to "fully enclosed building[s]," *id.* at § 4-3-2. He further challenged the exemptions to the licensing requirements afforded to civic groups, not-for-profit organizations, and charities, *id.* at § 4-3-16, and the fact that licensed Park City businesses, other than restaurants, can conduct outdoor sales on their own property and adjoining streets or sidewalks on a temporary basis five times a year, *id.* at §4-3-10. The panel in *Christensen* remanded so the district court could determine the application of the First Amendment to Mr. Christensen's § 1983 claims against the Park City municipal defendant.

In contrast to the ordinances challenged by Mr. Christensen and directed to businesses in general, Mr. Travis challenges two ordinances directed specifically to the display and sale of art. The first ordinance, PCMC § 15-4-15, the "display" ordinance, is designed to promote the "enjoyment of outdoor public works of art" while maintaining the "visual interest[] and economic vitality of Park City's Historic, resort-based community[.]" *Id.* at § 15-4-15. The ordinance requires anyone wishing to display art work on city-owned property to first obtain a permit. In order to obtain a permit, the proposed display must comply with height and set-back requirements, lighting regulations, and applicable building codes. It cannot display a sale price and must not create a hazard to the public due to sharp edges, moving parts, or extension into other public spaces. Upon meeting all of the criteria, the City Council reviews and takes final action on all requests for the outdoor display of art.

Mr. Travis also challenges PCMC § 4-3A-7, the "sales" ordinance. That ordinance designates a green space adjacent to the City library for the offer and sale, by up to thirty artists, of their original art works on a first come, first served basis on Fridays, Saturdays, Sundays, and holidays. Anyone intending to sell art on the specified public property must register with the City by filing a form containing the seller's name, address, and phone number, contact information for a person responsible for the art, and a brief description of the type of art. The City Finance Department may revoke or deny an artist-vendor registration, and

such revocation or denial can be appealed to the City Manager. The balance of the ordinance describes number, size, and location requirements, procedures in case of violation or emergency removal, and an appeal process in case of the latter.

Mr. Travis's appeal is distinguishable from *Christensen*, not only because different ordinances are at issue but also because, in Mr. Travis's case, Park City conceded that, for purposes of the motion for summary judgment only, his art was protected expression under the First Amendment. The district court proceeded on that basis, and we similarly assume, without deciding, that Mr. Travis's art deserves some level of First Amendment protection. We emphasize that this opinion is in no way intended to and should not direct the outcome of the questions at issue in the *Christensen* remand.

Because there was no need to examine the application of the First Amendment to Mr. Travis's art due to the City's concession on that point, the district court proceeded to examine PCMC § 15-4-15, the "display" ordinance. The court concluded that, because the ordinance is content neutral, is narrowly tailored to serve legitimate government interests, and does not foreclose alternative avenues of communication, it "is an appropriate regulation of protected speech." R. Vol. V, Doc. 185 at 5 (citing *Ward v. Rock Against Racism*, 491 U.S. 781, 796 (1989)). Mr. Travis strenuously disagrees with this conclusion but fails to appreciate

that even in a public forum the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.

*Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (quotation omitted).

As can be gleaned from its text, PCMC § 15-4-15 is content neutral: it applies to anyone wishing to display artwork on public property without regard to the content of the expression or whether Park City disagrees with the message sought to be conveyed. *See Ward*, 491 U.S. at 791. The ordinance requires compliance with height, lighting, and set-back requirements and prohibits any display that would create a public hazard. Park City "enjoys a substantial interest in ensuring the ability of its citizens to enjoy whatever benefits the city parks have to offer," *see id.* at 797, and this ordinance is narrowly tailored to serve that significant interest. The ordinance does not "burden substantially more speech than is necessary to further [Park City's] legitimate interests" in maintaining the order and safety of its public parks. *See id.* at 799. Finally, the ordinance continues to allow display of art work in public parks and has no effect on the quality or content of that art apart from compliance with its de minimis requirements. Mr. Travis has failed to show that the remaining avenues of communication are inadequate. *See id.* at 802. Because the display ordinance is

-7-

"a reasonable regulation of the place and manner of expression," it does not contravene whatever, if any, First Amendment rights apply. *See id.* at 803.

Turning to Park City Municipal Code § 4-3A-7, the "sales" ordinance, the district court briefly considered the parties' arguments regarding whether Mr. Travis's speech was commercial and ultimately reasoned that "[e]ven if . . . Plaintiff's speech is not commercial, it is not free from all government regulation." R. Vol. V, Doc. 185 at 7. Again, we agree with the district court that the registration procedure imposed by Park City before an artist can sell his or her art in the designated public park is a reasonable place and manner restriction.

As with the "display ordinance" and treating Mr. Travis's art as noncommercial speech, the registration requirements governing the sale of art in the designated City park are content neutral. Requiring an artist to provide minimal contact information and a brief description of the type of art to be displayed, along with the size, number, and location requirements have nothing to do with the content of the art. *See Ward*, 491 U.S. at 791 ("Government regulation of expressive activity is content neutral so long as it is *justified* without reference to the content of the regulated speech." (quotation omitted)).

Further, the ordinance is tailored to serve Park City's interest in protecting the property values of surrounding businesses and neighborhoods and in controlling the free flow of pedestrian and vehicular traffic in and around the

-8-

public spaces of historic Park City. *See Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 296 (1984) (noting substantial government interest in maintaining parks for the public's use and enjoyment). The ordinance leaves open ample alternative channels through which artists may communicate their messages to the public. *See Ward*, 491 U.S. at 791. Nothing in the sales ordinance prohibits the sale of art on private property or the ability of artists to display their art in other public parks with the artists' contact information in case the viewer is interested in purchasing it.

Likewise, we conclude that the district court correctly granted summary judgment in favor of Park City on Mr. Travis's other constitutional challenges. There was no seizure of Mr. Travis or his art work, nor was Mr. Travis searched or restrained. Thus, there was no violation of Mr. Travis's Fourth Amendment rights because there was no "intentional acquisition of physical control." *See Brower v. County of Inyo*, 489 U.S. 593, 596 (1989).

Mr. Travis's equal protection claim fails because he has not come forward with evidence to establish a genuine issue as to whether he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Mr. Travis's unsubstantiated claim that another Park City artist is allowed to display and sell his art free from the constraints of the ordinances is inadequate to defeat Park City's summary judgment motion on this

point.  Mr. Travis, as the nonmoving party, "may not rest on [his] pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof."  *Applied Genetics Int'l v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

The district court was also correct to grant summary judgment to Park City on Mr. Travis's substantive due process claim.  Other, more specific Constitutional Amendments, namely the First, Fourth, and Fourteenth Amendments, "provide [] an explicit textual source of constitutional protection" for Mr. Travis's claims, thus obviating the need to resort to "the more generalized notion of substantive due process."  *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quotations omitted).  And finally, because the challenged ordinances are not unconstitutional, their enforcement did not violate Mr. Travis's federally protected rights as required for a § 1983 claim.  *See Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).

The judgment of the district court is AFFIRMED.  Mr. Travis's requests for declaratory and injunctive relief are DENIED.  The parties' cross motions for sanctions are DENIED.