**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHAWN NELSON STAATS,

      Plaintiff - Appellant,

v.

ROBIN COBB, records department
JCCC; WARDEN OF JAMES
CRABTREE CORRCTIONAL CENTER;
MIKE ROGERS, Warden's manager of
James Crabtree Correctional Center;
BECKY GUFFY, Administrator, sentence
administration and offender records;
JUSTIN JONES, Director of Department
of Corrections,

      Defendants - Appellees.

No. 11-6172
(D.C. No. 5:11-CV-00417-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

      [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner-Appellant Shawn Staats, a former Oklahoma state prisoner appearing pro se,[1] appeals from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint against various employees of the James Crabtree Correctional Center ("JCCC"). Mr. Staats argues that the JCCC improperly calculated his release date, thereby imprisoning him for approximately ten months beyond his proper release date. He contends that this error violated his Fourth, Eighth, and Fourteenth Amendment constitutional rights.

On April 15, 2011, Mr. Staats filed a §1983 complaint against the JCCC consisting of a list of seven documents, the documents themselves, and no factual allegations. On April 26, 2011, the United States District Court for the Western District of Oklahoma dismissed Mr. Staats's complaint without prejudice for failure to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *See Staats v. Cobb*, No. CIV-11-417-D, at 2 (W.D. Okla. Apr. 26, 2011) (unpublished order). The court did not issue a separate judgment.

On June 20, 2011, Mr. Staats filed a second complaint containing factual allegations along with the seven supplemental documents. On June 21, 2011, the district court ordered that the second complaint and the supplemental materials be stricken.

---

[1] Because Mr. Staats is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

*Staats v. Cobb*, No. CIV-11-417-D (W.D. Okla. June 21, 2011) (unpublished order). The

court stated: "[Mr. Staats's] submissions are STRICKEN because this case was closed

on April 26, 2011 as a result of the Court's Order dismissing this case without prejudice

for the filing of a new lawsuit." *Id.* The court noted that Mr. Staats's second complaint

was "erroneously docketed as an amended complaint" because "the Court's [first] Order

did not authorize the filing of an amended complaint." *Id.* at n.1. The court did not

evaluate whether the second complaint satisfied Rule 8(a)'s pleading requirements. Mr.

Staats filed a notice of appeal on July 5, 2011.[2]

Construing Mr. Staats's arguments on appeal liberally, we understand them to

include the contention that when the district court dismissed his complaint without

prejudice on April 26, 2011, it erred by not granting him leave to amend. *See Travis v.

Park City Mun. Corp.*, 565 F.3d 1252, 1254 (10th Cir. 2009) ("Because [the petitioner]

proceeds pro se, we construe his pleadings and briefs liberally.").

We review a district court's failure to grant leave to amend for abuse of discretion.

*See Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010). In general, "the grant or

denial of an opportunity to amend is within the discretion of the District Court." *Foman*

---

[2] A notice of appeal must normally be filed within 30 days of the entry of the order or judgment being appealed. Fed. R. App. P. 4(a)(1)(A). The district court's dismissal order dated April 26, 2011, suggests that Mr. Staats's notice of appeal should have been filed on or before May 26, 2011. However, because the district court did not enter a separate final judgment as required under Federal Rule of Civil Procedure 58, Mr. Staats had 150 days from the dismissal order to file his notice of appeal. Fed. R. App. P. 4(a)(7)(A)(ii). Thus, Mr. Staats's notice of appeal, filed on July 5, 2011, was timely.

*v. Davis*, 371 U.S. 178, 182 (1962).  But in exercising this discretion, the court must heed Rule 15(a)'s direction that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Fed. R. Civ. P. 15 provides that leave to amend 'shall be freely given.' This is especially true here because [the plaintiff] is proceeding pro se.").  Without apparent grounds to deny leave— such as undue delay, repeated failure to cure deficiencies in the pleadings, or undue prejudice to the opposing party—the court should have "afforded [the plaintiff] an opportunity to test his claim on the merits."  *Foman*, 371 U.S. at 182.

We have previously explained that a court "should dismiss *with leave to amend . . . if it is at all possible that the party against whom the dismissal is directed can correct the* defect in the pleading or state a claim for relief."  *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1483, at 587 (2d ed. 1990)); *see also Murray v. Albany County Bd. of County Comm'rs*, 2000 U.S. App. LEXIS 7202, at *5-6 (10th Cir. Apr. 20, 2000)

(unpublished)[3] ("A district court may dismiss a pro se complaint sua sponte without permitting the plaintiff to amend the complaint only if it is clear that the amendment would be futile."). Thus, "it will generally be an abuse of discretion to deny [a pro se plaintiff] leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

By dismissing Mr. Staat's original complaint without prejudice, the district court implicitly indicated that Mr. Staats may be able to overcome the Rule 8(a) defect in his original complaint. The "without prejudice" dismissal would allow Mr. Staats to file a new action, which is functionally similar to his filing an amended complaint. But filing a new action would require new service of process and new filing fees or a new application to proceed *in forma pauperis*. It also might present statute of limitations issues. When Mr. Staats's complaint was dismissed, no responsive pleading or motion to dismiss had been filed and no hearing had been held. Mr. Staats could have amended his original complaint as a matter of course under Rule 15(a)(1) up to entry of the dismissal order, but he had no reason to request leave to amend because he had no notice that his complaint was deficient.

Under these circumstances, and because "it is possible that [Mr. Staats] . . . can correct the defect in [his complaint]," the district court should have dismissed his original

_____

[3] Unpublished opinions lack precedential value but may be cited for their persuasive value. *See* Fed. R. App. P. 32.1, 10th Cir. R. 32.1.

complaint with leave to amend.  *See Brever*, 40 F.3d at 1131.  Failing to do so was an abuse of discretion.  We therefore REMAND to the district court with instructions to allow Mr. Staats to amend his complaint.  Mr. Staats's motion to proceed *in forma pauperis* is GRANTED.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge