UNITED STATES of America,
Plaintiff,

v.

David L. HAMILTON and Hamilton
Properties, Defendants.

Case No. 10–CV–231–ABJ.

United States District Court,
D. Wyoming.

July 1, 2013.

Nicholas Vassallo, U.S. Attorney's Office, Cheyenne, WY, Alan D. Greenberg, Department of Justice, Denver, CO, for Plaintiff.

Harriet M. Hageman, Stacia C. Berry, Hageman & Brighton, Cheyenne, WY, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ALAN B. JOHNSON, District Judge.

The Government sued David Hamilton and Hamilton Properties for allegedly discharging fill material into a creek without a permit in violation of the Clean Water Act. The Government has filed a motion requesting summary judgment on two crit-

ical issues: (1) Whether the creek is a "water of the United States" subject to the Clean Water Act; (2) whether Defendants' activities are exempt from the Clean Water Act's permit requirement. The Court concludes that a genuine dispute exists on the latter issue, but not the former. It therefore **GRANTS** the Government's motion in part and **DENIES** it in part.

## FACTS

Slick Creek flows from around Highway 16 east of Worland, Wyoming, northwest until it reaches the Big Horn River. The Big Horn River then "flows north, joins the Yellowstone River in Montana, and eventually flows east into the Missouri River." *United States v. Hubenka*, 438 F.3d 1026, 1028–29 (10th Cir.2006). Slick Creek's water comes primarily from irrigation runoff and canals, but some of the water comes from rain and snowmelt. Slick Creek flows through a tract of land owned by David Hamilton and Hamilton Properties, a partnership formed under Wyoming law.

Before 2005, Slick Creek followed a meandering course through Defendants' property. But in the fall of 2005, Defendants hired some excavators to divert Slick Creek into a new, straightened channel. After digging the new channel, the excavators used a hydraulic excavator and a bulldozer to fill in previous portions of Slick Creek with dirt and rock excavated from the new channel. Defendants now grow crops over the area where Slick Creek used to flow.

The Clean Water Act generally prohibits a person from adding any pollutant to the waters of the United States from any point source without a permit. *See* 33 U.S.C. § 1311(a). Defendants did not have a permit to fill Slick Creek. Once the Environmental Protection Agency got wind of Defendants' activities, it sent them a compliance order stating the Defendants were in violation of the Act. The order commanded Defendants to remove the fill material from Slick Creek and restore it to its previous condition. Defendants did not comply.

That prompted the Government to bring this suit. The Government claims that Defendants violated the Act by discharging fill material into Slick Creek without a permit. It also claims that Defendants have failed to comply with the EPA's compliance order. The Government wants an injunction ordering Defendants to restore Slick Creek to its previous condition, and it wants the Court to impose a civil fine on Defendants. Defendants contest their liability on the grounds that Slick Creek is not a "water of the United States" subject to the Act, and that in any event their activities fit within several exceptions to the Act's permit requirement.

The Government has now filed a motion for partial summary judgment on four issues. First, it requests summary judgment on all the elements of its prima facie case against Defendants, including a judgment that Slick Creek is a water of the United States subject to the Act. Second, it requests summary judgment on its claim that Defendants are liable for failing to comply with the EPA's compliance order. Third, the Government requests summary judgment on Defendants' claim that their activities are exempt from the Act. Finally, it requests summary judgment on Defendants' second and third affirmative defenses, which relate to the statute of limitations, laches, and the like.

Defendants argue in response that Slick Creek is not a water of the United States as a matter of law. And even assuming it is, Defendants contend there is a genuine dispute about whether their activities fall within any exceptions to the Act's permit requirement.

The Court will discuss the standard of review before turning to whether Slick Creek is a water of the United States subject to the Clean Water Act. Next, the Court will discuss if a genuine dispute exists regarding whether Defendants' activities are exempt from the Act's permit requirement. A brief conclusion follows.

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett,* 703 F.3d 1153, 1158 (10th Cir.2013). The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed.R.Civ.P. 56(c)(1)(A, B).

Once the moving party satisfies this initial burden, the nonmoving party must support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See id.* The nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.,* 565 F.3d 1252, 1258 (10th Cir.2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255, 106 S.Ct. 2505.

## DISCUSSION

### I. Whether Slick Creek Is a Water of the United States Subject to the Clean Water Act

The first issue here is whether there is a genuine dispute that Slick Creek is a water of the United States subject to the Clean Water Act. The Court concludes that no such dispute exists.

To establish a prima facie case for a Clean Water Act violation, the Government must prove (1) a person (2) discharged a pollutant (3) into navigable waters (4) from a point source (5) without a permit. *See United States v. Hubenka,* 438 F.3d 1026, 1035 (10th Cir.2006). The Government requests summary judgment on each of these elements. Because Defendants' response only contests the third element, the Court deems the other elements confessed and focuses its discussion solely to whether Slick Creek constitutes navigable water under the Act.

The Act defines *navigable waters* to mean "the waters of the United States." 33 U.S.C. § 1362(7). But what constitutes the waters of the United States is "notoriously unclear." *Sackett v. EPA,* —— U.S. ——, 132 S.Ct. 1367, 1375, 182 L.Ed.2d 367 (2012) (Alito, J., concurring). That remains the case after *Rapanos v. United States,* 547 U.S. 715, 126 S.Ct. 2208, 165 L.Ed.2d 159 (2006), in which a majority of the Supreme Court could not agree on a test for "waters of the United States." The *Rapanos* plurality held that "the waters of the United States include only relatively permanent, standing or flowing bodies of water." *Id.* at 732, 126 S.Ct. 2208 (plurality opinion) (internal quotation marks omitted). It also stated that a tributary constitutes a water of the United States if it is "a relatively permanent body of water connected to traditional interstate navigable waters." *Id.* at 742, 126 S.Ct. 2208. Justice Kennedy, however, articulated a different test. Under his test, a water of the United States is one that possesses a significant nexus to waters that are or were navigable in fact or that could reasonably be so made. *Id.* at 759, 126 S.Ct. 2208 (Kennedy, J., concurring in the judgment).

The Tenth Circuit has yet to decide which of these tests controls in Clean Water Act cases. But happily, this Court need not choose here because both the Government and Defendants focus exclusively on the plurality test.

Under that test, a tributary is a water of the United States only if it is a relatively permanent, flowing body of water connected to traditional interstate navigable water. *Id.* at 732, 742, 126 S.Ct. 2208. The plurality elaborated as follows:

> By describing "waters" as "relatively permanent," we do not necessarily exclude streams, rivers, or lakes that might dry up in extraordinary circumstances, such as drought. We also do not necessarily exclude *seasonal* rivers, which contain continuous flow during some months of the year but no flow during dry months—such as the 290-day, continuously flowing stream postulated by Justice Stevens' dissent.

*Id.* at 732 n. 5, 126 S.Ct. 2208 (emphasis in original) (citations omitted). The plurality emphasized that the phrase waters of the United States "does not include channels through which water flows intermittently or ephemerally, or channels that periodically provide drainage for rainfall." *Id.* at 739, 126 S.Ct. 2208. The phrase also does not include streams whose flow is coming and going at intervals, broken, fitful, existing only for a day, diurnal, or short-lived. *Id.* at 732 n. 5, 126 S.Ct. 2208.

Here, the Government claims that Slick Creek is a water of the United States under the plurality test because it's a relatively permanent, flowing body of water that connects to traditional interstate navigable water. The Government presents the following evidence to support that claim:

- Edward Willard, a man familiar with Slick Creek dating back to 1962, testified that Slick Creek had water flowing in it continuously throughout

the year from 1962 to 2006. Willard Decl. ¶¶ 3, 6, ECF No. 59–8.

- Defendants' expert hydrologist, Thomas Osborne, testified that Slick Creek has continuous flow year round or nearly year round. *See* Osborne Dep. 31:3–32:22, 111:19–112:4, ECF No. 59–6.

- Federal employees and the Government's experts visited Defendants' property both during and outside the irrigation season, which runs from April through October, and they observed flow in Slick Creek on every visit. Pl.'s Mem. 15, ECF No. 59.

- The bed of Slick Creek has no vegetation, which is consistent with continuous flow throughout the year. Claffey Decl. ¶ 13, ECF No. 59–1.

- Slick Creek connects to the Big Born River, which is an interstate river that is navigable in fact. *Id.* ¶¶ 3–6.

Defendants do not offer any evidence contradicting the Government's evidence that Slick Creek is a relatively permanent, flowing body of water that connects to traditional interstate navigable water. Instead, Defendants argue that Slick Creek is not a water of the United States as a matter of law for two reasons. First, they argue that if the amount of water flowing in a channel frequently fluctuates then the water is not "permanent" within the meaning of the plurality test. Here, according to Defendants, the amount of water flowing in Slick Creek fluctuates on a daily if not hourly basis such that Slick Creek does not have the relatively permanent flow necessary to satisfy the plurality test. Second, Defendants argue that Slick Creek cannot be considered a "stream" because it's a manmade irrigation ditch fed primarily by irrigation runoff and canals. The Court concludes that neither of these arguments has merit.

Defendants' first argument rests on a misunderstanding of the plurality's use of the term *permanent.* Permanence under the plurality test refers to whether flow exists in a channel over a period of time, not (as Defendants suggest) the rate of flow in the channel. Under the plurality test, what matters is not the *amount of water* flowing in a given channel but *whether* water is flowing in that channel. Here, whether the flow in Slick Creek amounted to a gentle babble or a raging torrent doesn't matter. What does matter is that, at the time Defendants filled Slick Creek, it had water flowing through it most of the year.

Defendants' second argument—that Slick Creek cannot be considered a water of the United States because it's a manmade irrigation ditch—is foreclosed by precedent. *Rapanos* itself demonstrates that manmade ditches and drains can constitute waters of the United States. *See Rapanos v. United States,* 547 U.S. 715, 757, 126 S.Ct. 2208, 165 L.Ed.2d 159 (2006) (plurality opinion) (instructing the lower courts on remand to determine whether manmade ditches and drains were "waters" in the ordinary sense of containing a relatively permanent flow). Further, courts have uniformly held that artificially-created channels can be subject to the Act. *Leslie Salt Co. v. United States,* 896 F.2d 354, 360 (9th Cir.1990) (collecting cases); *see United States v. Cundiff,* 555 F.3d 200, 213 (6th Cir.2009) ("[I]t does not make a difference whether the channel by which water flows ... was manmade or formed naturally.").

Here's where things stand. The Government has presented evidence that Slick Creek is a water of the United States subject to the Act under the *Rapanos* plurality test—that is, Slick Creek is a relatively permanent, flowing body of water that connects to traditional interstate

navigable water. Defendants have offered no evidence to the contrary, and their arguments that Slick Creek is not a water of the United States as a matter of law lack merit. As a result, the Court concludes there is no genuine dispute that Slick Creek is a water of the United States. It therefore grants the Government's request for summary judgment that Slick Creek is subject to the Clean Water Act.

## II. Whether Defendants Are Subject to the Clean Water Act's "Recapture" Provision

Generally, the Clean Water Act prohibits any discharge of fill material into the waters of the United States without a permit issued by the Army Corps of Engineers. *See* 33 U.S.C. §§ 1311(a), 1344; *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 123, 106 S.Ct. 455, 88 L.Ed.2d 419 (1985). However, the Act contains certain exceptions that allow discharge of fill material without a permit. *See* 33 U.S.C. § 1344(f)(1). One exception allows discharge from normal farming activities. *Id.* § 1344(f)(1)(A). Another allows discharge for the purpose of construction or maintenance of an irrigation ditch. *Id.* § 1344(f)(1)(C). Defendants argue that their activities fit both of those exceptions.

However, regardless of whether an exception applies, the Act contains what has been called the "recapture" provision, which states:

> Any discharge of dredged or fill material into the navigable waters incidental to any activity having as its purpose bringing an area of the navigable waters into a use to which it was not previously subject, where the flow or circulation of navigable waters may be impaired or the reach of such waters be reduced, shall be required to have a permit under this section.

*Id.* § 1344(f)(2). In other words, regardless of whether an exception under § 1344(f)(1) applies, a person must have a permit if (1) the person discharges fill material into the navigable waters in order to bring an area of those waters into a use to which it was not previously subject, and (2) the discharge impairs the flow or circulation or reduces the reach of such waters. *Id.*

■ The Government argues that whether Defendants' activities fit one of the exceptions is irrelevant because their activities are subject to the recapture provision. Specifically, the Government contends Defendants converted portions of Slick Creek to dry land by adding fill material to it and reduced its reach in the process. Therefore, according to the Government, even assuming Defendants could satisfy one of the exceptions in § 1344(f)(1), Defendants still were required to have a permit under § 1344(f)(2). And because Defendants didn't have one, their discharge into Slick Creek violated the Act.

But Defendants rightly point out that the Government's argument is missing something: It doesn't address whether the area of Slick Creek that Defendants filled and are now farming was previously subject to farming. Defendants also rightly point out that a genuine dispute exists on that score. They direct attention to Todd Rhodes's testimony that the filled portions of Slick Creek were irrigated and farmed in the past and that by filling Slick Creek Defendants were "only reclaiming lands that had been previously irrigated and farmed." Rhodes Decl. ¶ 19, ECF No. 69. Mr. Rhodes's testimony is sufficient to create a genuine dispute about whether the area of Slick Creek that Defendants filled was previously subject to farming and thus whether the recapture provision applies. For that reason, the Court denies the Gov-

ernment's request for summary judgment on Defendants' claim that they are exempt from the Act's permit requirement.

## CONCLUSION

Because there is no genuine dispute that Slick Creek is a relatively permanent, flowing body of water that connects to traditional interstate navigable water, the Court **GRANTS** the Government's request for summary judgment that Slick Creek is a water of the United States subject to the Clean Water Act. And, because Defendants do not contest any of the other elements of the Government's prima facie case, the Court **GRANTS** the Government's request for summary judgment on those elements as well.

However, there is a genuine dispute over whether Defendants' activities fall within one of the Clean Water Act's permit exceptions and whether their activities nevertheless required a permit under the "recapture" provision. The Court therefore **DENIES** the Government's request for summary judgment on Defendants' claim that they are exempt from the Clean Water Act's permit requirement. And because Defendants' liability remains in dispute the Court **DENIES** the Government's request for summary judgment that Defendants are liable for failing to comply with the EPA's compliance order, as the validity of that order depends on liability.

Finally, the Court **GRANTS** the Government's request for summary judgment on Defendants' second and third affirmative defenses because Defendants did not contest that aspect of the Government's motion.