Alan B. Johnson, United States District Judge
The parties brought this matter before the Court on cross motions for summary judgment. Plaintiffs Victory Processing, LLC and Dave Dishaw (collectively referred *1266 to as Victory Processing) filed Plaintiffs' Motion for Summary Judgment Pursuant to F.R.C.P. 56(a) (Victory Processing's Motion). ECF No. 22. Defendant Peter K. Michael in his official capacity as Attorney General for the State of Wyoming (Attorney General), filed a response in opposition (Attorney General's Response), ECF No. 26, to which Victory Processing replied (Victory Processing's Reply). ECF No. 28. The Attorney General filed Defendant's Motion for Summary Judgment. (Attorney General's Motion) ECF No. 24. Victory Processing filed a response in opposition (Victory Processing's Response), ECF No. 27, to which the Attorney General replied (Attorney General's Reply). ECF No. 29. Having considered both motions, the applicable law, and being otherwise fully advised, the Court FINDS and ORDERS as follows:
Background
Victory Processing is a company engaged in data gathering, political consulting and message dissemination projects. Doc. 23, p. 2. Victory Processing primarily achieves its work through reaching out to residents in various states using automated telephone systems or "robocalls" and conducting surveys. Doc. 1, ¶¶ 6, 8. They allege that potential clients have reached out to them, requesting their services and have inquired about conducting robocalls in the State of Wyoming. Id. at ¶ 7. However, Victory Processing has had to decline work with those clients because Wyo. Stat. § 6-6-104 prohibits commercial and political robocalls. Doc. 1, ¶¶ 11-12.The company has also had to refrain from conducting robocalls to improve their own database and consulting capabilities because Wyo. Stat. § 6-6-104 prohibits commercial and political robocalls. Id.
Although they are currently prohibited from robocalling, Victory Processing has expressed the desire to engage in future political speech and information gathering operations for themselves and on behalf of third parties through the use of robocalls. Doc. 23-1, ¶¶ 9 -10, 13-14; Doc. 1, ¶¶ 7, 10. As a result of the current ban on robocalls, Victory Processing claims to have suffered lost individual and business opportunities. Doc. 1, ¶ 11. Consequently, Victory Processing has requested summary judgment in their favor, as well as, prospective injunctive relief from enforcement under Wyo. Stat. § 6-6-104.
Standard of Review
Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. See Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. Adler v. Wal-Mart Stores, Inc. , 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." Anderson , 477 U.S. at 255, 106 S.Ct. 2505.
The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. Lynch v. Barrett , 703 F.3d 1153, 1158 (10th Cir. 2013). The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. See Fed. R. Civ. P. 56(c)(1)(A)-(B).
Once the moving party satisfies this initial burden, the nonmoving party must *1267 support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. See id. The nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. v. Zenith Radio Corp. , 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett , 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. See Travis v. Park City Mun. Corp. , 565 F.3d 1252, 1258 (10th Cir. 2009).
When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. Anderson , 477 U.S. at 249, 106 S.Ct. 2505. Credibility determinations are the province of the fact-finder, not the court. Id. at 255, 106 S.Ct. 2505.
Discussion
Both Victory Processing and the Attorney General have identified two issues in their briefs to the Court. First, does Victory Processing have standing to bring a First Amendment claim? Second, does Wyoming's robocall statute, Wyo. Stat. § 6-6-104, violate the First Amendment of the U.S. Constitution? The Court will address standing first.
1. Standing
There are two aspects of standing relevant to this case which must be satisfied, Article Three standing and the prudential standing requirements.
a. Article Three Standing
To establish standing, a plaintiff must demonstrate an injury in fact, a causal connection between the injury and the conduct complained of, and that it is likely the court can provide redress. Lujan v. Defenders of Wildlife , 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A plaintiff may demonstrate injury in fact by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder." Ward v. Utah , 321 F.3d 1263, 1267 (10th Cir. 2003) (quoting Phelps v. Hamilton , 122 F.3d 1309, 1326 (10th Cir. 1997) ).
Victory Processing can establish an injury in fact, because the conduct of making political robocalls arguably affects a constitutional interest, is proscribed by Wyo. Stat. § 6-6-104 and there exists a credible threat that Victory Processing will be prosecuted if it begins making robocalls. This threat of prosecution also provides the causal connection between the injury and the conduct complained of. Finally, if the Court concludes that the § 6-6-104 is unconstitutional and strikes it down, that action will provide redress for Victory Processing.
b. Prudential Limits on Standing
The Attorney General rightfully points out that Victory Processing must also get beyond the requirement that litigants are generally prohibited from brining claims on behalf of a third party. Powers v. Ohio , 499 U.S. 400, 410, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). This doctrine *1268 is known as third party standing and in general the Supreme Court allows it if the plaintiff has an injury in fact sufficient to create a concrete interest in the outcome, a close relation to the third party, and that the third party is in some way hindered from being the plaintiff. Powers , 499 U.S. at 410-411, 111 S.Ct. 1364 (1991). The Attorney General is incorrect whoever, when he applies the Powers factors to a third party standing question in a First Amendment overbreadth case.
A plaintiff whose own speech is not threatened may challenge a statute as overly broad in violation of the First Amendment under a different standard than that set out in Powers. Secretary of State of Md. v. Joseph H. Munson Co., Inc. , 467 U.S. 947, 957, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984). The Supreme Court explained that standing is allowed in these cases
for the benefit of society-to prevent the statute from chilling the First Amendment rights of other parties not before the Court. Munson's ability to serve that function has nothing to do with whether or not its own First Amendment rights are at stake. The crucial issues are whether Munson satisfies the requirement of 'injury-in-fact,' and whether it can be expected satisfactorily to frame the issues in the case.
Id at 958. Munson, therefore, articulates a different two element test for third party standing in a First Amendment overbreadth case, whether the plaintiff can demonstrate an injury in fact and satisfactorily frame the issues of the case. Id. This principle is reinforced in Virginia v. American Booksellers Ass'n, Inc. , 484 U.S. 383, 392-93, 108 S.Ct. 636, 98 L.Ed.2d 782 (1988) (holding that a "judicial assumption that the statutes very existence may cause others not before the court to refrain from constitutionally protected speech" allows a plaintiff to proceed regardless of whether their own expression has been restricted). Finally, the Tenth Circuit has discussed this different treatment in First Amendment overbreadth cases, although it has not had the opportunity to decide a third party standing question in such a case. See Initiative and Referendum Institute v. Walker , 450 F.3d 1082, 1104 (10th Cir. 2006) ; West v. Derby Unified School Dist. No. 260 , 206 F.3d 1358, 1367 (10th Cir. 2000) ; Urban v. Tularosa , 161 F.3d 19 (10th Cir. 1998) (unpublished). The Court concludes that, in this case, the correct standard is spelled out in Munson. Therefore, in order to satisfy to bring this case on behalf of a third party, Victory Processing must demonstrate an injury in fact and be able to satisfactorily frame the issues of the case.
In the previous analysis of Article Three standing, the court concluded that Victory Processing has shown an injury in fact. Turning to the next element, the Court can see no reason why Victory Processing would struggle to frame the issues satisfactorily. Because Victory Processing would place the robocalls, it is well positioned to frame the First Amendment challenge to the statute which forbids using robocalls for political purposes. Additionally, Victory Processing is currently litigating a very similar case in Montana without such difficulty. Victory Processing, LLC v. Fox , CV 17-27-H-CCL, 307 F.Supp.3d 1109, 2018 WL811232, at *14 (D. Mont. Feb. 9, 2018). Therefore, the Court concludes that Victory Processing can satisfactorily frame the issues in this case. Having determined that Victory Processing has standing, the Court will analyze Victory Processing's First Amendment claim.
2. Content-Neutral or Content-Based
Victory Processing claims that Wyo. Stat. § 6-6-104 is unconstitutional because the statute is content-based on its face and it cannot survive strict scrutiny. The First Amendment prohibits the enactment of *1269 laws abridging the freedom of speech. U.S. Const. amend. I. The First Amendment is applicable to the States through the Fourteenth Amendment and together, the amendments prohibit States from enacting legislation abridging the freedom of speech. U.S. Const. amend. XIV ; Cantwell v. Connecticut , 310 U.S. 296, 303, 60 S.Ct. 900, 84 L.Ed. 1213 (1940).
It is well settled that when a regulation is content-neutral on its face, "government may impose reasonable restrictions on the time, place or manner of engaging in protected speech, provided that they are adequately justified without reference to the content of the regulated speech." Cincinnati v. Discovery Network, Inc. , 507 U.S. 410, 428, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993). However, content-based laws, those that target speech based on its communicative content, are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests. E.g., Reed v. Town of Gilbert, Ariz. , --- U.S. ----, 135 S.Ct. 2218, 2226, 192 L.Ed.2d 236 (2015) ; R. A. V. v. St. Paul , 505 U.S. 377, 395, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992). The Supreme Court has made it clear that courts must first determine if the regulation is content-based on its face, before looking to any motives or reasoning that the government provides for the statute. Reed , 135 S.Ct. at 2228-29.
A regulation is content-based, and subsequently subjected to strict scrutiny, if a law applies only to particular categories of speech based upon the topic being discussed or the idea or message conveyed. Id. at 2227 ; see, Sorrell v. IMS Health, Inc. , 564 U.S. 552, 564, 131 S.Ct. 2653, 180 L.Ed.2d 544 (2011). Accordingly the Court must consider whether Wyo. Stat. § 6-6-104 draws distinctions based on the message a speaker conveys. Reed , 135 S. Ct. at 2227. The statute states:
(a) No person shall use an automated telephone system or device for the selection and dialing of telephone numbers and playing of recorded messages if a message is completed to the dialed number, for purposes of:
(i) Offering any goods or services for sale;
(ii) Conveying information on goods or services in soliciting sales or purchases;
(iii) Soliciting information;
(iv) Gathering data and statistics; or
(v) Promoting or any other use related to a political campaign.
(b) This section shall not prohibit the use of an automated telephone system or device described under subsection (a) of this section for purposes of informing purchasers of the receipt, availability or delivery of goods or services, any delay or other pertinent information on the status of any purchased goods or services or responding to an inquiry initiated by any person, or the use of an automated telephone dialing system as authorized by W.S. 40-12-303.
(c) Any person violating subsection (a) of this section is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both.
Wyo. Stat. § 6-6-104.
To support the argument that Wyoming's statute is content-neutral, the Attorney General relies on cases involving robocall bans in Montana, Minnesota and Indiana. Doc. 26, p. 20. The Attorney General suggests the statute is more like the statutes found in Minnesota and Indiana. The Minnesota and Indiana statutes are similar to one another. Compare Minn. Stat. §§ 325E.26 -.31; with Ind. Code § 24-5-14-1 through § 24-5-14-13. The statutory *1270 schemes from Indiana and Minnesota place a ban on all robocalls and then make exceptions to that total ban. Ind. Code Ann. § 24-5-14-5 (emphasis added). These statutes were found to be content neutral. See, Patriotic Veterans, Inc. v. Indiana , 177 F.Supp.3d 1120, 1126 (S.D. Ind., Apr. 7, 2016). (quoting Frisby v. Schultz , 487 U.S. 474, 484, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988) ); Van Bergen v. Minnesota , 59 F.3d 1541, 1550 (8th Cir. 1995).
In contrast, Wyoming and Montana recognize distinct categories of speech and place a ban on robocalls containing messages which fall in recognized categories. Wyo. Stat. § 6-6-104 ; Mont. Code Ann. § 45-8-216. The Wyoming and Montana statutes are similarly written (though not identical). Compare Wyo. Stat. §§ 6-6-104, 40-12-303 ; with Mont. Code Ann. § 45-8-216. Wyo. Stat. § 6-6-104, provides that no individual shall use automated phone systems, or robocalls, for the purpose of (1) commercial sales, (2) commercial advertising, (3) soliciting information, (4) data gathering or polling, or (5) for promoting a political campaign. See , Wyo. Stat. § 6-6-104.
The Montana statute similarly targets 5 categories of speech on its face. Mont. Code Ann. § 45-8-216. Like the statute in Montana, the Wyoming statute limits the messages or ideas based on five specific categories of speech. After placing a general ban on these five categories of calls, the Wyoming statute provides exceptions to the ban through its reference to Wyo. Stat. § 40-12-303. These exceptions state that telephonic sales calls are allowed if one of the following three conditions is met. Wyo. Stat. § 40-12-303. First, that the person receiving the call has initiated the call, second, that the numbers are not included on the national do-not-call list, or third, the call is to someone with whom the caller has an established business relationship. Id.
Like the Wyoming statute, Montana provides exceptions to their ban on robocalls and allows all robocalls if the robocalls are (i) to inform a consumer of delivery information, (ii) to inform a consumer of the status of goods or services, (iii) in response to an inquiry made by the person being called or (iv) to provide information regarding a preexisting business relationship. Mont. Code Ann. § 45-8-216. The Montana statute was held to be content-based on its face and subjected to strict scrutiny. Victory Processing, LLC v. Fox , CV 17-27-H-CCL, 307 F.Supp.3d 1109, 2018 WL 811232, at *14 (D. Mont. Feb. 9, 2018). The Court concludes that because Wyo. Stat. § 6-6-104 prohibits calls based on their content, the statute is content-based on its face and the Court will apply strict scrutiny.
3. Strict Scrutiny
Content-based restrictions on political speech are subject to strict scrutiny. See Initiative & Referendum Inst. v. Walker , 450 F.3d 1082, 1099 (10th Cir. 2006). Strict scrutiny requires the State to show that the statute's speech restrictions: (1) advance a compelling state interest and (2) are narrowly tailored to serve that interest. Chandler v. City of Arvada , 292 F.3d 1236, 1241 (10th Cir. 2002). In addition, "[i]f a less restrictive alternative would serve the [state's] purpose, the legislature must use that alternative." United States v. Playboy Entm't Grp., Inc., 529 U.S. 803, 813, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000).
a. Compelling Governmental Interest
The Attorney General argues that Wyo. Stat. § 6-6-104 advances a compelling state interest of residential privacy. Doc. 25, p. 22 (emphasis added). Residential privacy which includes the protection *1271 of the tranquility, well-being, and peacefulness of the home constitutes a recognized governmental interest. Patriotic Veterans, Inc. , 177 F.Supp.3d at 1126 (quoting Frisby v. Schultz , 487 U.S. 474, 484, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988) ). Courts currently take one of three approaches in deciding how residential privacy is recognized.
First, residential privacy has been found to be a compelling government interest in some jurisdictions. E.g., Victory Processing , 2018 WL 811232, at *11, 307 F.Supp.3d 1109 ; Brickman v. Facebook, Inc. , 230 F.Supp.3d 1036, 1046 (N.D. Cal. 2017) (holding in TCPA case that protection of residential privacy is a compelling interest); Holt v. Facebook, Inc. , 240 F.Supp.3d 1021, 1033 (N.D. Cal. 2017). Second, some courts have found that although residential privacy is a substantial interest, it is not compelling. Kirkeby v. Furness , 92 F.3d 655, 659 (8th Cir. 1996) ; Gresham v. Rutledge , 198 F.Supp.3d 965, 970 (E.D. Ark., July 27, 2016). Other courts have also taken a third approach. The court in Patriotic Veterans held the interest of residential privacy is a recognized substantial interest , but said nothing as to whether that interest was compelling. 177 F.Supp.3d at 1127 (emphasis added). This is the approach taken by the Supreme Court and the Tenth Circuit. See Frisby , 487 U.S. at 484, 108 S.Ct. 2495 (Finding states had a substantial interest in protecting residential privacy and homeowners from unwanted speech. Regulation that was challenged was found content-neutral); FTC v. Mainstream Marketing Services, Inc. , 345 F.3d 850, 855 (10th. Cir. 2003) (Finding residential privacy was a substantial governmental interest).
The Court recognizes that tranquility, well-being, and peacefulness of the home is a substantial interest worth protecting. "There is simply no right to force speech into the home of an unwilling listener." Frisby , 487 U.S. at 485. "Respect for the privacy of the residence and desire for freedom from unwanted household intrusions is traditional and time-honored." Victory Processing , 2018 WL 811232, at *10, 307 F.Supp.3d 1109 (internal quotations omitted). However the Court must follow the Tenth Circuit and the Tenth Circuit has only recognized residential privacy as a substantial interest. Mainstream Mktg. Servs., Inc. , 345 F.3d at 855 (analyzing the constitutionality of the FTC's do-not-call registry as a restriction on commercial speech). Accordingly, the Court declines to find a compelling interest. Because Wyo. Stat. § 6-6-104 is a content based restriction and only advances a substantial interest, the statute does not pass strict scrutiny.
b. Narrowly Tailored
Even if the Court were to assume that residential privacy were a compelling governmental interest, the statute must still be narrowly tailored to survive strict scrutiny. Chandler , 292 F.3d at 1241. This prong requires that content-based speech restrictions cannot be over inclusive by unnecessarily restricting protected speech or under inclusive by failing to prohibit other expression detrimental to the government's narrowly tailored interest. Republican Party of Minn. v. White , 536 U.S. 765, 775, 780, 122 S.Ct. 2528, 153 L.Ed.2d 694 (2002).
The Attorney General argues, the statute is meant to prevent unwanted calls from disturbing residents of Wyoming. Doc. 25, p. 16. If some residents wished to receive these calls, the Attorney General suggests that the statute provides exceptions to allow otherwise banned robocalls to willing recipients in Wyo. Stat. § 40-12-303. However, this is where the Montana statute and the Wyoming Statute differ. Montana provides that any robocall falling *1272 into the five restricted categories is allowed if a live operator introduces the message. Mont. Code Ann. § 45-8-216.
It is clear that the statute categorizes political messages on an equal footing with the other named categories of messages (sales, advertisements, polling, and data gathering), and that the salient characteristics of these messages are that they are (a) unconsented, (b) between strangers, and (c) primarily of benefit to the sender, not the recipient.
Victory Processing , 2018 WL 811232, at *17, 307 F.Supp.3d 1109.
In contrast to the Montana statute, it is unclear if the Wyoming statutes allow for any type of politically related robocall. In determining whether the statute is clear and unambiguous, the Court looks to the plain and ordinary meaning of the words used in the statutes, Horse Creek Conservation District v. State ex rel. Wyoming Attorney General , 2009 WY 143, ¶ 14, 221 P.3d 306, 312 (Wyo. 2009). The Wyoming statute prohibits telephonic sales calls. Wyo. Stat. § 40-12-303(a). The statute goes on to provide exceptions to subsection (a) and states that subsection (a) does not prohibit calls if introduced by a live message or live operator and (i) the calls are initiated by the person receiving the call, (ii) the numbers called are not on the national do-not-call list or an unlisted number, or (iii) the call is to a consumer with whom a business relationship exists. Wyo. Stat. § 40-12-303(b).
The use of the term "telephonic sales calls" in Wyo. Stat. § 40-12-303(a) makes it unclear if any of the exceptions in subsection (b) apply to political robocalls. The Attorney General claims that political robocalls fitting one of the exceptions would be allowed. Doc. 29, pp. 5, 11. However, Victory Processing argues that the statutes are unclear as to whether this would be legal. Doc. 27, p. 13. As Victory Processing points out, the use of the term "telephonic sales calls" suggests that the exemptions found in Wyo. Stat. § 40-12-303(b) only apply to commercial calls, leaving no channels for political speech to reach residents of Wyoming through the stated exceptions to the robocall ban.
Therefore, Wyo. Stat. § 6-6-104 is over inclusive in that it completely prohibits political speech through robocalls while allowing commercial speech under certain circumstances. Accordingly, Wyo. Stat. § 6-6-104 is not be narrowly tailored. The Court concludes Wyo. Stat. § 6-6-104 is a content-based restriction which does not pass strict scrutiny.
Conclusion
For the reasons discussed above, it is ordered that Victory Processing does have Article III standing. Additionally, Wyo. Stat. § 6-6-104 as written, does not survive strict scrutiny and is therefore unconstitutional.
ORDERED that Defendant's Motion for Summary Judgement (ECF No. 24) is DENIED. It is further,
ORDERED that Plaintiffs' Motion for Summary Judgement (ECF No. 22) is GRANTED.